UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HURTT FABRICATING CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 4:23-CV-01405-SPM |
| | ) | |
| RN'G CONSTRUCTION, INC., and | ) | |
| SPECIALTY SERVICE | ) | |
| CONTRACTORS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Joint Motion to Transfer to Proper Venue (ECF No. 10) and Plaintiff's Motion to Enforce Forum Clause and Remand (ECF No. 22). The time for Plaintiff to respond to Defendants' motion expired without a response from Plaintiff. Defendants have filed a response to Plaintiff's motion, and the time for Plaintiff to file a reply has expired. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to pursuant to 28 U.S.C. § 636(c)(1). ECF No. 27. For the following reasons, both motions will be denied, and the parties will be directed to provide the Court with supplemental briefing regarding this Court's subject matter jurisdiction over this action.

I.   **BACKGROUND**

On September 29, 2023, Plaintiff Hurtt Fabricating Corp. filed this breach of contract action in the Circuit Court of St. Louis County, State of Missouri. Pet'n, ECF No. 13. Plaintiff alleges that it is a Missouri corporation, with its principal place of business in Missouri, that is in the business of fabricating sign structures and other materials for use on highway construction projects in Missouri and across the country. It alleges that Defendants RNG Construction, Inc.

1

("RNG") and Specialty Services Contractors, Inc. ("SSCI") are engaged in the roadway construction business, including as installers of highway signs and other materials on highway construction projects. Plaintiff alleges that it had a written agreement for an ongoing business relationship with each defendant, each with similar terms. Following establishment of each agreement, Plaintiff and each defendant's ongoing business relationship took on a procedure wherein a defendant would request that Plaintiff quote a price for a particular project, Plaintiff would submit a written proposal with a quote or bid, and then the defendant would sign and return the proposal if it wished to accept Plaintiff's terms and contract with Plaintiff as the defendant's supplier on a given project. Under the terms and conditions of the written agreement, each defendant agreed to pay Plaintiff "15 Days after Payment by Owner or 60 Day Net after receipt of Materials." Pet'n ¶ 13. Additionally, "Invoices past 60 days after receipt of materials will be subject to a 1 ½% monthly finance charge." Pet'n ¶ 14.

Plaintiff alleges that several of its proposals were signed and executed by Defendants and that Plaintiff performed in accordance with the terms of each project by supplying the agreed-upon materials. Plaintiff alleges that each defendant breached the agreements and failed to perform by failing to pay Plaintiff within 60 days of receiving the materials supplied and failing to pay finance charges it owed under the terms of the agreement. Plaintiff alleges that Defendant SSCI owes Plaintiff $206,321.26 in finance charges and $12,759.42 in unpaid invoices, for a total of $219,080.68, plus interest, attorneys' fees, and costs allowed under the contract. Pet'n ¶ 43. Plaintiff alleges that Defendant RN'G owes Plaintiff $53,750.79 in finance charges and $8,024.85 in unpaid invoices, for a total of $61,775.64, plus interest, attorneys' fees, and costs allowed under the contract. *Id.* ¶ 54.

Defendants removed the case to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1441, asserting that this Court has original jurisdiction based on the parties' diversity of citizenship under 28 U.S.C. § 1332 and an amount in controversy that exceeds $75,000. In the Notice of Removal, Defendants allege that RN'G Construction, Inc., is a Maryland corporation with its principal place of business in Maryland and is therefore a citizen of Maryland; that SSCI is a Maryland corporation with its principal place of business in Maryland and is therefore a citizen of Maryland; and that Plaintiff is a Missouri corporation with its principal place of business in Missouri and is therefore a citizen of Missouri. Defendants point out that Plaintiff seeks well over $200,000 from Defendant SSCI. Defendants also point out that Plaintiff seeks $61,775.64, plus attorneys' fees, costs, and interest from Defendant RN'G.

At the same time as they filed the Notice of Removal, Defendants filed a Joint Motion to Transfer to Proper Venue pursuant to 28 U.S.C. § 1406, asking the Court to transfer this matter to the United States District Court for the District of Maryland, Northern Division. In the memorandum in support of the motion, Defendants argue that venue is proper in Maryland. They also inform the Court that several months prior to Plaintiff's filing of the instant cause of action, Defendant RN'G filed suit against Plaintiff in the District of Maryland (Case Number 1:23-CV-00329-JKB), asserting claims of breach of contract and promissory estoppel and alleging that after RNG accepted Plaintiff's offer to supply signage and related materials and equipment for several roadway construction projects in Maryland, Plaintiff notified RN'G that Plaintiff did not intend to perform work on any of the projects and denied that any binding agreements existed between Plaintiff and RN'G for the projects.

Plaintiff did not file a response to Defendants' motion to transfer. Instead, Plaintiff filed a Motion to Enforce Forum Clause and Remand, asking the Court to remand this case to state court based on the presence of a forum selection clause in the parties' agreement that states:

> The applicant understands that all past due balances will be subject to a 1 ½ % per month finance charge. The applicant further agrees to pay all collection charges in the event of default, if the account is placed with a collection agency or attorney **and in the event of litigation agree that venue be in St. Louis County, MO.**

Pl.'s Mem. Ex. A & Ex. B, ECF Nos. 23-1 & 23-2, at 2 (emphasis added). Defendants filed an opposition to the Motion to Enforce Forum Clause and Remand.

## II.   DISCUSSION

### A.  Plaintiff's Motion to Enforce Forum Clause and Remand

Under 28 U.S.C. § 1441, generally, a defendant in a civil case filed in state court may remove the case to a federal district court if the case could have been brought there originally. Following removal, 28 U.S.C. § 1447(c) allows a plaintiff to file a motion to remand the case to state court if subject matter jurisdiction is lacking or if some other defect makes removal improper.[1] "Courts who have considered the issue, including the Eighth Circuit, have concluded that removal in the face of a valid forum selection clause fixing venue in the state courts is the sort of defect that qualifies a case for remand." *City of Springfield, Missouri v. T-Mobile Cent. LLC,* No. 4:18CV2015 HEA, 2019 WL 2525617, at *1 (E.D. Mo. June 19, 2019) (citing *iNet Directories, LLC v. Developershed, Inc.*, 394 F.3d 1081, 1082 (8th Cir. 2005)).

---

[1] "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The instant motion to remand was timely filed.

Plaintiff's sole argument is that this case should be remanded based on the forum selection clause in the agreements that states, "The applicant further agrees to pay all collection charges in the event of default, if the account is placed with a collection agency or attorney and in the event of litigation agree that venue be in St. Louis County, MO." Plaintiff argues that this is a mandatory forum selection clause that requires any judicial proceedings to be filed in St. Louis County. Plaintiff further argues that because the only court "in St. Louis County" with jurisdiction is the Circuit Court of St. Louis County, Missouri,[2] Defendants agreed to waive their right to remove the case to this Court.

The Eighth Circuit recognizes both mandatory and permissive forum selection clauses. *See Dunne v. Libbra*, 330 F.3d 1062, 1063 (8th Cir. 2003); *Bond v. Century Support Servs., LLC*, No. 4:23-CV-800-RWS, 2023 WL 5275055, at *1 (E.D. Mo. Aug. 16, 2023). "Mandatory forum-selection clauses require a case to be brought in an identified venue based on specific language indicating the parties' intent to make jurisdiction exclusive." *Bond*, 2023 WL 5275055, at *1 (quoting *High Plains Const., Inc. v. Gay*, 831 F. Supp. 2d 1089, 1102 (S.D. Iowa 2011)). On the other hand, "permissive clauses constitute nothing more than a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction or venue in any other forum." *MRP Trading I A, LLC v. Eberhart*, 526 F. Supp. 3d 470, 476 (D. Minn. 2021) (quoting *Best Buy Stores, L.P. v. Devs. Diversified Realty Corp.*, No. 05-cv-2310 (DSD/JJG), 2006 WL 3544956, at *3 (D. Minn. Dec. 8, 2006)). The use of words such as "exclusive," "only," "must," "shall," or other terms that suggest exclusivity suggest that a clause is mandatory, and the absence of such terms suggests that a clause is permissive. *See Dunne*, 330 F.3d at 1064 (finding forum clause permissive where it did

---

[2] There is no federal courthouse located in St. Louis County. This Court sits in the City of St. Louis, which is separate from St. Louis County.

"not employ the term 'shall'" and did "not use the words 'exclusive,' 'only,' 'must,'  or any other terms that might suggest exclusivity"); *Wahrmund v. Buschman*, No. 4:16-CV-000137-KGB, 2017 WL 5661340, at *4 (E.D. Ark. Mar. 28, 2017) (finding clause stating, "[s]hould there be any form of litigation between Cattle Connections, LLC and any parties, it is understood that the litigations [sic] will take place in the county of residence of Cattle Connections, LLC" was permissive and not mandatory because it "lacks mandatory words such as shall, must, sole, only, or exclusive"); *OHM Hotel Grp., LLC v. Dewberry Consultants, LLC*, No. 4:15-CV-1705 CAS, 2016 WL 427959, at *4 (E.D. Mo. Feb. 4, 2016) ("A forum selection clause is deemed to be mandatory if it includes words such as 'exclusive, only, must, or any other terms that might suggest exclusivity.'") (quoting *Dunne*, 330 F.3d at 1064).

A defendant may contractually waive its right to remove a case to federal court in a forum selection clause, but "waiver of the right to remove must be clear and unequivocal." *Weltman v. Silna,* 879 F.2d 425, 427 (8th Cir. 1989) (internal quotation marks omitted). In *Weltman*, the Eighth Circuit found that the defendant did not clearly and unequivocally waive its right to remove because "[t]he agreement in which the appellees consented to [plaintiff's] filing this suit in state court did not address removal."[3] *See also Cnty. of Jefferson v. Tyler Techs., Inc.*, No. 4:09CV554SNLJ, 2009 WL 1811804, at *2 (E.D. Mo. June 25, 2009) (finding the right to remove waived by a clause stating, "The contractor consents and agrees that all legal proceedings related to the subject matter of this Agreement shall be maintained in courts sitting within the State of Missouri. Contractor further consents and agrees venue for State court proceedings shall be in the County of Jefferson, Missouri, and no court actions commenced in Missouri shall be transferred or removed to any other State or Federal court.").

---

[3] The court in *Weltman* did not set forth the specific contractual language at issue.

After *Weltman*, the Eighth Circuit held that specific language waiving a right to "remove" is not necessarily required; language waiving a right to object to venue is sufficient to waive the right to remove. *See iNet Directories, LLC*, 394 F.3d at 1081-82 (finding the right to remove waived through a clause stating, "The Parties hereby irrevocably waive any and all objections which any Party may now or hereafter have to the exercise of personal and subject matter jurisdiction by the federal or state courts in the State of Missouri and to the laying of venue of any such suit, action or proceeding brought in any such federal or state court in the State of Missouri"). *See also Xtra Lease LLC v. Century Carriers, Inc.*, No. 4:09CV2041RWS, 2010 WL 431787, at *1-*2 (E.D. Mo. Feb. 2, 2010) (finding the right to remove waived by a clause stating, "The parties hereby agree to submit to the jurisdiction of the Circuit Court of St. Louis County, Missouri for purposes of adjudicating any action arising out of the Lease, and hereby waive, to the fullest extent permitted by law, any objection to the laying of venue of any action arising out of the Lease therein.").

The Eighth Circuit has not addressed whether a defendant may clearly and unequivocally waive its right to remove through a forum selection clause that contains no specific "waiver" language. However, several district courts within the Eighth Circuit have found that a defendant may do so through a forum selection clause that specifies a state-court forum and includes language such as "sole," "exclusive," or "only," reasoning that such language demonstrates the parties' agreement that the *only* proper venue for resolving disputes is the specified state court, to the exclusion of all other venues. *See OHM Hotel Grp., LLC*, 2016 WL 427959, at *7 (finding the right to remove waived by clause stating, "The parties agree that the sole and exclusive venue for any litigation arising out of or relating to this agreement, or the alleged breach thereof, shall be the Circuit Court for St. Louis, County, Missouri"; reasoning that "[t]he clause is mandatory, as

7

evidenced by use of the term 'shall''; that it "clearly and unequivocally demonstrates the parties' intent to restrict any litigation arising out of the Contract to the 'sole and exclusive venue' of the 'Circuit Court for St. Louis County, Missouri'"; and that although it "does not contain language explicitly waiving the right to object to venue or to remove, . . . it is a sufficiently clear and unequivocal expression of the parties' intent to restrict all litigation between them to the Circuit Court of St. Louis County, Missouri, to operate as such a waiver"); *Valspar Corp. v. Sherman*, 211 F. Supp. 3d 1209, 1213 (D. Minn. 2016) (finding the right to remove waived where "the Agreement's forum selection clause provide[d] that '[a]ny dispute between the parties . . . shall be adjudicated only in the state court located in Hennepin County, Minnesota,' and that Hennepin County will be the 'exclusive venue for resolving such disputes'"; reasoning that "[t]his combination of mandatory language and exclusive jurisdiction plainly indicates the intention of the parties to limit venue to Minnesota state court, to the exclusion of all other possibilities"); *Push Pedal Pull, Inc. v. Casperson*, 971 F. Supp. 2d 918, 928 (D.S.D. 2013) (finding the right to remove waived by a clause stating, "the state circuit court situated in Minnehaha County, South Dakota, shall be the exclusive jurisdiction of any disputes relating to this Agreement"; finding that this clause was "mandatory, rather than permissive" because of the terms "shall" and "exclusively"; finding that "[m]andatory forum selection clauses would lose much of their utility if a party . . . could contract for a venue for any dispute to be exclusively in a state court but, when a dispute arose, could avoid that clause by removing or consenting to remove the dispute from the state venue to federal court").

On the other hand, where a forum selection clause lacks words such as "sole," "only," "exclusive," or other language suggesting exclusivity, courts have generally found no clear and unequivocal waiver of the right to remove. In *Champion Brands, LLC v. McLeod*, the court found

that the defendant did not waive its right to remove through a forum selection clause stating, "Any litigation and/or disagreement that arises out of this contract shall have venue in the Circuit Court of Henry County, Missouri . . . ." No. 21-00279-CV-W-BP, 2021 WL 5541956, at *1 (W.D. Mo. July 13, 2021). The court reasoned that "[t]he word 'shall' is mandatory, but it is not inherently exclusive" and that there was "no additional language suggesting exclusivity or otherwise establishing that Henry County Circuit Court 'shall' be a proper venue to the exclusion of all other venues that might otherwise be proper." *Id.* It also reasoned that "the phrase 'shall have venue in' Henry County Circuit Court could (as Plaintiff suggests) be interpreted as meaning 'venue shall be proper only in Henry County,' but it could also simply mean that 'venue shall be proper in Henry County' and that no party can challenge venue if suit is filed there.'" *Id.* It concluded that because there was no unequivocal agreement that contractual disputes would be litigated only in Henry County Circuit Court, removal to federal court was permitted. *Id. See also Xgel Tech., LLC v. C.I. Kasei Co.*, No. 4:09CV540 RWS, 2009 WL 1576837, at *1 (E.D. Mo. June 3, 2009) (finding no waiver of the right to remove based on clause stating, "The parties agree to submit any judicial disputes to the appropriate courts in Phelps County, Missouri."); *Mihlfeld & Assocs., Inc. v. Glock, Inc.*, No. 05-3085-CV-S-ODS, 2005 WL 1009579, at *1-*2 (W.D. Mo. Apr. 27, 2005) (finding no waiver of right to remove based on clause stating, "In the event Customer breaches any portion of this Agreement, and legal action is initiated as a result of such breach, Customer agrees that the proper venue for such action shall be in the Circuit Court of Greene County, Missouri."; noting that under *Weltman* and *iNet*, "a simple agreement that venue is proper in a particular court or jurisdiction is not a 'clear and unequivocal' waiver of the right to remove"). *But see Magness Oil Co. v. Piedmont Fields, LLC*, No. 3:11-CV-03104, 2012 WL 1884902, at *3-*4 (W.D. Ark. May 23, 2012) (noting that it was a "close call" but finding the right to remove waived by a clause

9

stating that "[a]ny action shall be adjudicated in the Circuit Court of Baxter County, Arkansas"; reasoning that "the clause at issue in this case clearly and unequivocally demonstrates, by use of the mandatory 'shall,' that the parties agree, not just that venue is proper in the Circuit Court of Baxter County, but that actions shall be adjudicated in the Circuit Court of Baxter County").

Here, the forum selection clause at issue—stating that the parties "in the event of litigation agree that venue be in St. Louis County, MO"—does not address removal specifically, nor does it contain an express waiver of the right to object to venue. It also does not contain any of the language district courts have found demonstrate a right to removal because they show that the parties agreed to litigate claims *exclusively* in a state-court forum, such as "sole," "only," or "exclusive." *See OHM Hotel Grp., LLC*, 2016 WL 427959, at *7 ("sole and exclusive venue for any litigation"); *Valspar Corp.*, 211 F. Supp. 3d at 1213 ("only in the state court"; "exclusive venue"); *Push Pedal Pull, Inc.*, 971 F. Supp. 2d at 928 ("exclusive jurisdiction"). The forum selection clause here does not even contain the term "shall," which convinced the court in *Magness Oil* (but not the courts in *Champion Brands* or *Mihlfield*) that, although it was a "close call," the defendant had waived the right to remove the case to federal court.

The language in the forum selection clause here is even less suggestive of a waiver to a right to remove than the language courts found inadequate to show waiver in *Champion Brands* and *Mihlfeld*. Like the language in *Champion Brands* ("Any litigation . . . shall have venue in the Circuit Court of Henry County, Missouri"), the language here stating that "venue be" in St. Louis County could be interpreted to mean that venue *must* be only in St. Louis County, but it could also be interpreted to mean that venue *may* be in St. Louis County but may also be proper elsewhere. Such language does not demonstrate exclusivity of the state forum and thus does not clearly and

unequivocally waive a defendant's right to remove a case to federal court. *See Champion Brands, LLC*, 2021 WL 5541956, at *1; *Mihlfeld & Assocs., Inc.*, 2005 WL 1009579, at *1-*2.

The absence of language demonstrating that agreement that St. Louis County was the exclusive venue for litigation, combined with the absence of any language specifically waiving the right to remove or the right to object to venue, is sufficient to convince the Court that Defendants did not clearly and unequivocally waive their right to remove this case to federal court. This conclusion is further supported by the fact that the clause in this case, unlike the clauses in *OHM Hotel Group*, *Push Pedal Pull*, and *Magness Oil*, did not specify that venue was proper in "state court" or in a particular county's "circuit court"; instead, it mentioned only venue "in St. Louis County, MO." Although (as Plaintiff points out), there is no federal courthouse located in St. Louis County, other judges in this district have found that a clause requiring venue in a county where no federal courthouse is located does *not c*onstitute a clear and unequivocal waiver of the right to remove the case to federal court. *See Xgel Tech.*, 2009 WL 1576837, at *1-*2 (holding that a clause requiring the parties to submit disputes to "the appropriate courts in Phelps County, Missouri" did not constitute a waiver of the right to remove the case to federal court despite the absence of a federal courthouse in Phelps County[4]; reasoning that the District Court for the Eastern District of Missouri was "undoubtedly 'an appropriate court[] in Phelps County, Missouri.'"); *Midwest Public Auction v. Motorsports of Bowling Green, Inc.*, No. 1:12CV73 JAR, 2012 WL 5413902, at *4 (E.D. Mo. Nov. 6, 2012) (finding no waiver of the right to remove based on a clause stating, "In the event of Court action initiated by either party, the parties agree that Missouri shall have exclusive jurisdiction and that the appropriate venue for all causes of action shall be Butler County,

---

[4] Phelps County, Missouri, is located within the Eastern District of Missouri, Eastern Division; court for the Eastern Division is held in the City of St. Louis and not in Phelps County. *See* 28 U.S.C. § 105(a)(1).

Missouri" despite the absence of a federal courthouse in Butler County; [5] reasoning that this clause did "not address removal," did "not discuss the waiver of any rights," and "simply discusse[d] where the parties agree[d] to jurisdiction and venue"). Here, as in those cases, a clause specifying venue not in a state court, but merely in a county where no federal courthouse happens to be located, does not constitute a clear and unequivocal waiver of the right to remove the case to federal court. [6]

For all of the above reasons, the Court finds that Defendants did not clearly and unequivocally waive their right to remove this case to federal court, and Plaintiff's motion to remand will be denied.

## B. Defendants' Joint Motion to Transfer to Proper Venue

The Court next considers Defendants' Joint Motion to Transfer to Proper Venue, in which Defendants ask this Court to transfer this case to the United States District Court for the District

---

[5] Butler County, Missouri, is located within the Eastern District of Missouri, Southeastern Division; court for the Southeastern Division is held in Cape Girardeau and not in Butler County. *See* 28 U.S.C. § 105(a)(3).

[6] The Court acknowledges that the Eighth Circuit has not addressed whether a forum selection clause that provides for exclusive venue in a particular county where no federal courthouse is located constitutes a waiver of the right to remove a case to federal court, and there is contrary authority in other circuits. *See, e.g., Alliantgroup, L.P. v. Feingold*, No. CIV A H-09-0479, 2009 WL 514058, at *5 (S.D. Tex. Mar. 2, 2009) ("When a forum-selection clause requires venue in a county with no federal courthouse, a defendant sued in state court in that county waives the right to remove."); *Presson v. Haga*, No. 1:18-CV-00099-SNLJ, 2018 WL 4184344, at *2-*3 (E.D. Mo. Aug. 31, 2018) (discussing the "notable split of authority" on this question and holding that where the right to remove is *not* at issue, a forum selection clause that mandates that suits be filed in a particular county without a federal court in it requires that the plaintiff bring suit in state court in that county and not in a federal court that has divisional venue over that county).

Even if the Eighth Circuit were to adopt the view that a forum-selection clause that provides for exclusive venue in a county without a federal courthouse (like St. Louis County) waives the right to removal, the Court's holding in this case would remain the same, because the clause at issue does not provide for exclusive venue in St. Louis County.

of Maryland pursuant to 28 U.S.C. § 1406(a) and 28 U.S.C. § 1391. 28 U.S.C. § 1406(a) states,

"The district court of a district in which is filed a case laying venue in the wrong division or district

shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in

which it could have been brought."  28 U.S.C. § 1391(b) provides:

> **(b)** **Venue in general**.—A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

18 U.S.C. § 1391(b). Defendants argue that the Court should transfer this case to the District of

Maryland pursuant to § 1406(a) because venue is proper there under § 1391(b)(2) and (3) and

because the claims raised in this case are compulsory counterclaims in a lawsuit previously filed

in the District of Maryland by Defendant RN'G against Plaintiff. Defendants do not explicitly

argue that venue is improper in this Court.

A dismissal or transfer under § 1406(a) is permitted only for "a case laying venue in the

*wrong* division or district." 28 U.S.C. § 1406(a) (emphasis added). *See also* 14D C. Wright, A.

Miller, & R. Freer, Fed. Prac. & Proc. ("Wright & Miller") § 3827 (4th ed. 2023) ("A prerequisite

to invoking Section 1406(a) is that the venue chosen by the plaintiff is improper. This is made

clear by the terms of the statute itself, which speaks of 'a case laying venue in the wrong division

or district' and, not surprisingly, the federal courts have construed the words accordingly."); *Atl.*

*Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 (2013) ("Section 1406(a)

and Rule 12(b)(3) allow dismissal only when venue is 'wrong' or 'improper.'"); *Est. of Logan by*

13

*& Through Logan v. Busch*, 574 F. Supp. 3d 660, 679-80 (W.D. Mo. 2021) ("Because venue is not improper in this case, § 1406—that provides for the dismissal and transfer of a case 'laying venue in the wrong division or district'—does not apply."); *Pearce v. Poe*, No. 4:08CV00209 BSM, 2008 WL 2508895, at *5 (E.D. Ark. June 19, 2008) ("Because the court has found that venue is proper in the Eastern District of Arkansas, transfer under § 1406(a) is not appropriate.").

Defendants suggest, without expressly saying so, that venue is wrong in this district because the proper venue under § 1391(b) was the District of Maryland. However, although neither party discusses the issue, it is well established that the general venue provision in § 1391(b) does not apply to cases that were removed from state court; instead, venue in such cases is governed by 28 U.S.C. § 1441(a). *See Polizzi v. Cowles Mags., Inc.*, 345 U.S. 663, 665 (1953) (stating that "on the question of venue, § 1391 has no application to this case because this is a removed action" and that "[t]he venue of removed actions is governed by . . .  28 U.S.C.A. § 1441(a)"); *St. Clair v. Spigarelli*, 348 F. App'x 190, 192 (8th Cir. 2009) (per curiam) ("Title 28 U.S.C. § 1441(a) governs the venue of removed actions and authorizes removal to the district court for the district and division embracing the place where the state court action is pending.") (internal citation omitted); *Busch*, 574 F. Supp. 3d at 679-80 (W.D. Mo. 2021) ("As a removal action, 28 U.S.C. § 1441(a) establishes the proper venue, not § 1391(b)."); *Schuler v. SunOpta Food Group LLC*, Civil No. 3:07-cv-101, 2008 WL 4416447, at *2 (D.N.D. Sept. 24, 2008) ("[T]he United States Supreme Court has clearly stated that the general venue provisions of 28 U.S.C. § 1391 have no application to a removed action.") (citing *Polizzi*, 345 U.S. 665).

Applying § 1441(a) to this removed case, the Court finds that venue is proper. Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to

the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This case was originally filed in the Circuit Court of St. Louis County, State of Missouri. The district court of the United States that embraces St. Louis County is this Court, and the appropriate division is the Eastern Division. *See* 28 U.S.C. § 105(a)(1). Thus, venue properly lies in this Court, and the Court cannot dismiss or transfer this case under § 1406(a). *See Busch*, 574 F. Supp. 3d at 679-80 (denying motion to dismiss under § 1406(a); reasoning that venue was not improper because the case had been properly removed from the Jackson County Circuit Court to the Western District of Missouri); *Douglas v. Imerys Talc Am., Inc.,* No. 4:18CV1141 RLW, 2019 WL 1227803, at *2 (E.D. Mo. Mar. 15, 2019) (denying motion to dismiss or transfer under § 1406 in a case removed from the Circuit Court for the City of St. Louis to the United States District Court for the Eastern District of Missouri; stating, "A movant cannot seek to dismiss or transfer a removal action under § 1406 so long as the case was properly removed to the district court embracing the place where the state action was pending"); *Schoberlein v. Westrux Int'l, Inc.*, No. 2:13-CV-04079, 2013 WL 12155465, at *5 (W.D. Mo. June 18, 2013) (denying motion to transfer under § 1406; stating, "[w]hen a case has been removed to the district court for the area in which the state action was pending pursuant to 28 U.S.C. § 1441, venue in the federal court is proper and not 'wrong.'") (quoting 28 U.S.C. § 1406)); *Becker v. Ford Motor Co.*, No. 4:07CV1573 FRB, 2007 WL 4404168, at *1 (E.D. Mo. Dec. 17, 2007) (denying motion to dismiss or transfer under § 1406(a) because "[p]roper venue in removed cases is determined under 28 U.S.C. § 1441(a)" and "[i]nasmuch as the instant civil action was brought and pending in the Circuit Court of St. Louis County, Missouri, its removal to the Eastern District of Missouri was proper and venue appropriately lies here") (citing 28 U.S.C. § 105(a)).

The Court acknowledges that even though venue is not improper, a party could seek to transfer this case pursuant to 28 U.S.C. § 1404(a), which provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *See, e.g.*, *Douglas*, 2019 WL 1227803, at *3 (noting that even where a motion filed under § 1406 is inappropriate because a case was properly removed, transfer under 28 U.S.C. § 1404 might be proper). However, Defendants do not seek relief under that statute and do not argue that its requirements are satisfied here, and the Court will not consider arguments Defendants have not made. *Cf. id.* (denying motion to dismiss or transfer under § 1406 because the case had been properly removed and venue was proper; declining to consider the movant's alternative argument that § 1404 might apply because it was made for the first time in a reply memorandum).

For all of the above reasons, Defendants' motion to transfer this case will be denied.

### C.  Subject Matter Jurisdiction

Although the question of this Court's subject matter jurisdiction has not been raised by the parties, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94, 130 (2010). Defendants removed this case based on 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants . . . .", and 28 U.S.C. § 1332(a), which provides that the district court has original jurisdiction over civil actions between citizens of different states where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." The requirement of diversity of citizenship requirement is satisfied in this case because

16

Plaintiff is a citizen of Missouri and both defendants are citizens of Maryland. However, the Court has concerns regarding the amount in controversy.

"A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). However, if the Court questions whether the amount in controversy requirement is satisfied, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *James Neff Kramper Fam. Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005) (internal quotation marks omitted). Under such circumstances, the Court may order the parties to submit supplemental briefing and evidence to address this issue. *See, e.g.*, *K.W. by & through Lane v. State Farm Mut. Auto. Ins. Co.*, No. 4:22-CV-00343-SRC, 2022 WL 1044898, at *1 (E.D. Mo. Apr. 7, 2022) (noting that the court had ordered supplemental briefing after questioning the defendant's allegations regarding the amount in controversy); *Toller v. Sagamore Ins. Co.*, 558 F. Supp. 2d 924, 926 (E.D. Ark. 2008) (noting that the court had requested "summary-judgment-type evidence" and supplemental briefing on the question of the amount in controversy).

The Court will request supplemental briefing and evidence on two issues related to jurisdiction, discussed below.

1. *Whether the finance charges sought by Plaintiff constitute "interest" that must be excluded from the amount in controversy*

Although Plaintiff seeks judgment against SSCI in the amount of $219,080.68, it appears that the vast majority of that amount ($206,321.26) represents finance charges for late payment, with only $12,759.42 represents unpaid invoices. Similarly, the vast majority of the $61,775.64 sought from RN'G ($53,750.79) represents finance charges for late payment, with only $8,024.85 representing unpaid invoices. The Court is aware of authority suggesting that charges for late

payment are considered "interest" under 28 U.S.C. § 1332(a) and must be excluded from the calculation of the jurisdictional amount. *See* 15A Moore's Federal Practice - Civil § 102.106 ("For purposes of calculating the jurisdictional amount, a federal court may not look to any amount claimed as interest by the plaintiff that is attributable solely to a delay in payment or to a wrongful deprivation of funds. This type of moratory interest, if not an essential ingredient of plaintiff's claim, is interest that has accrued before the filing of the complaint and is excluded from calculations of the jurisdictional amount."); Wright & Miller, 14B Fed. Prac. & Proc. Juris. § 3711 (5th ed.) ("The apparent purpose of excluding interest in computing the jurisdictional amount is to prevent the plaintiff from delaying suit until the substantive claim, with accruing interest, exceeds the statutory minimum. Thus, interest uniformly is excluded under the *Brown* [*v. Webster*, 156 U.S. 328 (1895)] rule if it is only incidental to the claim the plaintiff is asserting or if it arises solely by virtue of a delay in the payment of an obligation. Interest is not excluded, however, if it is itself the basis of the suit and part of the obligation. Thus, for example, when the plaintiff is suing to collect on bond coupons, the coupons are part of the matter in controversy and are includible, even though in a sense they represent 'interest.'"); *Wilmoth v. Celadon Trucking Servs., Inc.*, No. 1:14-CV-2082-WTL-MJD, 2015 WL 1537209, at *2 (S.D. Ind. Apr. 6, 2015) ("This Court agrees that the interest owed to the Plaintiffs in this case is due because the Defendant delayed payments. The prejudgment interest, therefore, is not an essential ingredient of the Plaintiffs' claim under *Brown* and cannot be included in the amount in controversy."); *Maryland Nat. Bank v. Nolan*, 666 F. Supp. 797, 799 (D. Md. 1987) (holding that where a lease agreement provided for a 2% per month charge on a sum if the sum was not paid within 5 days, such charges were interest charges that  "ar[o]se solely by virtue of delay in payment" and thus could not be considered in assessing the amount in controversy).

Here, if the finance charges are excluded from the amount-in-controversy calculation, it appears likely that the jurisdictional amount would not be satisfied for either SSCI or RN'G, and this case would need to be remanded for lack of subject matter jurisdiction. However, it is not entirely clear to the Court whether the finance charges at issue in the instant case should be excluded from the calculation. The Court finds that the parties should have the opportunity to provide the Court with case law, argument, and (if necessary) evidence addressing this issue, and it will order supplemental briefing.

    2.   *Whether, even if the finance charges are included, the Court has jurisdiction over the claim against RN'G*

If the finance charges are included, the jurisdictional amount will be satisfied as to Plaintiff's claim against SSCI. However, it is less clear whether this Court will have a basis for exercising jurisdiction over Plaintiff's claim against RN'G. Even including the finance charges sought, Plaintiff seeks only $61,775.64 from RN'G, which is below the jurisdictional threshold.[7] Plaintiff also seeks attorney's fees, but it is not clear to the Court from the current record whether the contract at issue provides for an award of attorney's fees to be paid or what the amount of the attorney's fees might be. The Court will order the parties to provide supplemental briefing and evidence on the question of the amount-in-controversy requirement as to Plaintiff's claim against RN'G.

The Court acknowledges that if it determines that the amount-in-controversy requirement is satisfied as to the claim against SSCI but not as to the claim against RN'G, the Court may still have supplemental jurisdiction over the claim pursuant to 28 U.S.C. § 1367(a), which provides that, subject to certain exceptions, "in any civil action of which the district courts have original

---

[7] Defendants provide no factual or legal basis for a finding that Plaintiff's claims against SSCI and RN'G may be aggregated for purposes of determining the amount in controversy.

jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, it is unclear whether the Court has such supplemental jurisdiction because it is unclear whether the claim against RN'G is "so related to claims in the action within [the Court's] original jurisdiction that [it] form[s] part of the same case or controversy under Article III of the United States Constitution." *Id.* If RN'G would like the Court to consider this alternative basis for exercising jurisdiction, or any other basis for exercising jurisdiction, RN'G should provide the Court with appropriate briefing, including applicable case law interpreting 28 U.S.C. § 1367(a), and relevant evidence.

Finally, the Court notes that if it determines that the amount-in-controversy requirement is satisfied as to the claim against SSCI but that the Court does *not* have a basis for exercising jurisdiction over the claim against RN'G, the Court will need to consider whether it may retain jurisdiction over the claim against SSCI and remand only the claim against RN'G or whether it must remand the entire action.[8] This question may require additional briefing, but such briefing would be premature at this time.

---

[8] For a case removed based on the presence of a federal question, 28 U.S.C. § 1441(c) expressly permits the removal of the entire action even if the action includes claims not within the original or supplemental jurisdiction of the district court and then directs the court to sever the claims not within the court's jurisdiction and remand those to state court. However, that statute does not appear to apply cases removed based on diversity jurisdiction. *See, e.g., Burris v. Zale Delaware, Inc.*, No. 09-6099-CV-SJ-FJG, 2009 WL 3762987, at *3 (W.D. Mo. Nov. 10, 2009) ("[S]everance of a non-removable state claim is permissible only if the district court is exercising federal question jurisdiction. There is no statutory provision that would allow a district court having jurisdiction based solely on diversity to sever a non-removable claim and adjudicate the remaining state claims.") (citing 28 U.S.C. § 1441(c)). *But see Prolite Bldg. Supply, LLC v. MW Manufacturers, Inc.*, 891 F.3d 256, 259 (7th Cir. 2018) (holding that in a case removed based on diversity of citizenship that included some claims that satisfied neither the amount-in-controversy requirement nor the requirements of supplemental jurisdiction, and the district court had entered judgment on

## III.   CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendants' Joint Motion to Transfer to Proper Venue (ECF No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Enforce Forum Clause and Remand (ECF No. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that no later than **Wednesday, May 22, 2024**, each party shall file supplemental briefing and evidence in support of its position on the jurisdictional issues raised above. Alternatively, if Defendants determine that this Court lacks subject matter jurisdiction, Defendants may file a motion to remand this case to state court.

**IT IS FINALLY ORDERED** that each party may file a response to the other party's briefing, with additional argument and evidence, no later than **seven (7) days** after the filing of the initial supplemental brief.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of May, 2024.

---

the claims over which it had diversity jurisdiction, the proper procedure was for the district court to remand only the claims that did not satisfy the amount-in-controversy requirement; noting that "[t]he dispute between [the parties whose claim did satisfy the amount-in-controversy requirement] was removable in principle, *see* § 1441(a)," and that "nothing in the chapter on removal (28 U.S.C. §§ 1441 to 1455) suggests that the presence in a state case of an *additional* claim worth less than $75,000 (and not part of the same case or controversy as the first) blocks removal of a claim otherwise within federal jurisdiction"; finding that § 1441(c) "implies that there is no *jurisdictional* obstacle to removing the whole suit and sending the surplus claims back to state court" and that the parties had forfeited any non-jurisdictional objections to removal by not making them within 30 days of removal).